OPINION
On November 30, 1998, Thomas Payne filed a notice of appeal from a November 3, 1998, judgment entry which adopted a magistrate's decision which had denied Payne's motion for relief from judgment based on newly discovered evidence. Payne advances four assignments of error in his opening brief filed September 27, 1999.
 THE TRIAL COURT WAS INCORRECT, AS A MATTER OF LAW, IN DENYING A NEW TRIAL WHEN PLAINTIFF-APPELLANT'S ATTORNEY, STEPHEN E. KLEIN, HAD WITHHELD EXCULPATORY EVIDENCE FROM DEFENDANT-APPELLANT.
 THE TRIAL COURT WAS INCORRECT IN DENYING DEFENDANT-APPELLANT A TRIAL BY JURY.
 THE MANIFEST WEIGHT OF THE EVIDENCE SHOULD HAVE ACQUITTED DEFENDANT-APPELLANT SINCE PLAINTIFF-APPELLEE'S COUNSEL WITHHELD EXCULPATORY EVIDENCE FROM DEFENDANT-APPELLANT.
 THIS TRIAL COURT DID ERR IN ITS JUDGMENT TO ORDER DEFENDANT-APPELLANT TO PAY PLAINTIFF-APPELLEE'S ATTORNEY FEES SINCE ITS DECISION WAS BASED ON A FRIVOLOUS COMPLAINT FILED BY PLAINTIFF-APPELLEE.
Preliminarily, we note that we must confine ourselves to the assignments of error set forth in the opening brief. Payne sets forth five assignments of error in his reply brief of December 6, 1999. To the extent that these five assignments exceed the scope of the four assignments advanced originally, they will be disregarded.
James Ping contends that Payne's second, third, and fourth assignments have been waived because they have not been preserved by a timely notice of appeal. We agree. A brief discussion of the procedural history of this case will explain why.
Ping filed a complaint against Payne, which contained a jury demand, March 19, 1996. Ping, who conducted a business in Vandalia under the name Dayton Auto Auction, sought to enjoin Payne from conducting a business at 1800 Troy Street in Dayton under the same name. The complaint also sought attorney fees. The trial court, "satisfied that this (was) not a jury case", referred the case to a magistrate, who, on November 1, 1996, enjoined Payne's use of the name Dayton Auto Auction and deferred the matter of attorney fees to a later date. On January 6, 1997, the trial court adopted the magistrate's decision. Payne appealed but the appeal was dismissed as premature because the issue of attorney fees had not been decided. On July 18, 1997, the magistrate determined that Ping was entitled to attorney fees of $2328 and his costs. The trial court adopted the magistrate's decision August 5, 1997. No appeal was taken. On March 18, 1998, Payne moved for relief from judgment. This motion was overruled July 30, 1998. No appeal was taken. On September 4, 1998, Payne again moved for relief from judgment and for new trial "based on newly discovered evidence". This motion was overruled October 15, 1998. The court adopted the magistrate's decision November 3, 1998, and Payne appealed from this ruling November 30, 1998.
The second, third, and fourth assignments of error, by their terms, are concerned with the proceedings occurring up to and including August 5, 1997, when the trial court adopted the magistrate's decision as to attorney fees. To invoke this court's jurisdiction to review these proceedings, Payne was required to file a timely notice of appeal from the August 5, 1997, judgment approving the magistrate's decision as to attorney fees. App.R. 4(A). This he did not do and thereby waived appellate review of the matters asserted in assignments 2-4. These assignments are overruled.
Turning to the first assignment, we note at the outset that we have not been favored with a transcript of the October 5, 1998, hearing which culminated in the magistrate's decision of October 15, 1998, and which is the subject of this assignment. Indeed, we have but a partial transcript of Ping's August 15, 1996, testimony at the trial on the merits. The only record we have of the motion hearing on October 5, 1998, is the magistrate's October 15, 1998, decision which provides in pertinent part as follows:
 Based on the evidence presented at the hearing, the Magistrate makes the following findings of fact and conclusions of law.
 Pursuant to the written motion, the Defendant's grounds for seeking relief from judgment was newly discovered evidence. In order to prevail under Civil Rule 60(B)(2), the movant must prove, with admissible evidence, the following facts:
1) the evidence was discovered after trial,
 2) the movant exercised due diligence to obtain the evidence for trial,
 3) the evidence is not merely cumulative or impeaching,
4) the evidence is material, and
 5) the evidence is such that a new trial would probably produce a different result.
 See McCormac, Ohio Civil Rules Practice, Section 13.35, and cases cited therein. In the instant case, the Defendant did not meet his burden of proving that the new evidence he intended to present met any of the criteria set forth above.
 Notwithstanding the Defendant's inability to meet his burden of proof under Civil Rule 60(B)(2), the Court allowed the Defendant to proffer any evidence he had in support of his claim. The Defendant called three witnesses, in addition to himself, and the Court denied the Defendant's request to call to the witness stand both Plaintiff's counsel and the Magistrate presiding over the hearing. Sharon Mohan, an investigator with the State of Ohio, Bureau of Motor Vehicles, was called by Defendant in an effort to establish the difference between a motor vehicle auction dealer, licensed under Chapter 4517 of the Revised Code, and a motor vehicle salvage dealer or salvage motor vehicle pool dealers, licensed under Chapter 4738 of the Revised Code. The witness admitted that she had no expertise in salvage dealers, and therefore her testimony was irrelevant. The Defendant stated on the record that these provisions of the Revised Code were not available to him prior to trial, and therefore, the Court should reconsider this issue at this time. Although not well articulated, the Court assumes that the Defendant was attempting to produce new evidence that the Plaintiff and Defendant were operating two entirely different types of businesses, as reflected by their different type of licenses, and therefore the initial finding of fact that the "services provided by Plaintiff and Defendant are sufficiently related" is erroneous. Since Defendant provided no evidence as to what efforts he took to obtain these public records prior to trial, the Court cannot now find that such facts constitute newly discovered evidence. Furthermore, the Magistrate's initial decision does reflect that the Defendant did raise facts regarding the differences in the two businesses at trial, the Court reviewed such facts in its adoption of the Magistrate's decision, and therefore such facts were already considered, and would not lead to a different result.
 The other two witnesses called by Defendant, Dallas Burgess and Richard Sutton, both testified that they were unavailable on the day of trial, August 15, 1996, but no testimony was elicited as to what efforts the Defendant took to discover their facts prior to trial or preserve their testimony for trial. Again, the Court allowed the Defendant to proffer any evidence such witnesses would have given in support of the 60(B) motion. Mr. Burgess testified that he was familiar with both businesses and he wouldn't be confused about their affiliation because one is in Vandalia and the other is in Dayton. Again, this fact was provided at the initial trial, was considered by the Magistrate and the Court, and would not lead to a different result. Mr. Sutton testified that he had lunch once with the Plaintiff's general manager, in 1992, which lead him to conclude that the Plaintiff's motive in filing this suit was to prevent any competition so as to capture a monopoly on the auction market in this community. Although such facts, if admitted under some exception to the rule against hearsay, may have provided some basis for impeachment of the Plaintiff's testimony, such facts did not fit the definition of newly discovered evidence, and would not lead to a different result.
 In Defendant's own testimony, the Defendant attempted to raise facts that his use of the name "Dayton Auto Auction and Auto Disposal Company" had been approved by the City of Dayton Zoning Department, when he was issued a permit for erecting the sign at his business location and by the Ohio Secretary of State, when he registered the name as a trade name. Defendant contends that this Court is without legal authority to interfere with approval already granted by the City of Dayton and the State of Ohio. Without addressing the legal effect of the zoning permit or the trade name registration and its implication on a Deceptive Trade Practices Act violation, the Magistrate simply finds that the trade name issue was raised at the initial trial of this matter, and any issue involving the proper application of the law by this Court should have been raised on appeal and does not constitute newly discovered evidence. Although the Zoning permit was not entered into evidence in the initial trial, the Defendant did not provide any evidence at the 60(B) hearing to explain why a copy of his own permit was not available to him prior to trial, and therefore it does not constitute newly discovered evidence. At the conclusion of Defendant's evidence, no request or motion was made to admit any documents referred to in the testimony of any of the Defendant's witnesses. Even if such motion had been made, the Court would not have admitted any documents since no proper authentication was made by any witness.
 Based on the Defendant's failure to meet his burden of proof, the Magistrate finds that the Motion for Relief from Judgment is without merit and must be DENIED.
Although Payne filed objections to various rulings of the magistrate over the course of these proceedings, no objections were filed in connection with the October 15, 1998, decision denying his motion for relief from judgment and for new trial. As such, we confine our review to a search for plain error.Lookabaugh v. Lookabaugh (December 18, 1998), Champaign App. No. 98-CA-17, unreported; Federal Property Management v. Brown (June 25, 1999), Mont. App. No. 17424, unreported.
Payne complains that he was denied a jury trial, as demanded in Ping's complaint. Without reaching the merits of whether Ping's complaint was even triable to a jury when it sought only injunctive relief and attorney fees, suffice it to say that a jury demand does not necessarily make a complaint triable to a jury and, in any event, Payne has waived this issue by failing to timely appeal from the August 5, 1997 judgment.
Payne contends that the magistrate violated his right to call six witnesses, including Jim Ping and Cecil Reynolds. Payne does not explain how this was error. The record reveals that Payne issued subpoenas duces tecum to these two individuals which Ping moved to quash. The magistrate sustained the motion, explaining as follows:
 This matter is before the court upon motion of the Plaintiff to quash three subpoenas duces tecum issued by the Defendant on September 25, 1998, for a 60(B) hearing set on October 5, 1998. As grounds for the motion, the Plaintiff objects to the relevancy of the documents requested, and the method of service. Pursuant to Civil Rule 45(B), the Court may modify or quash a subpoena "if it is unreasonable and oppressive."
 In the subpoenas, issued to Plaintiff and one of his employees, and Plaintiff's counsel, the Defendant is requesting records regarding the personal assets of the witnesses including personal income tax returns, certain business records of the Plaintiff, certain public records, and records pertaining to customers and potential witnesses to issues raised during the original trial of this case. The court has not authorized the reopening of discovery in this case, and no reason was given nor is it apparent why any of the potentially relevant evidence was not discoverable prior to the trial of this action. The Court agrees with the Plaintiff that the requested documents are voluminous, irrelevant to the pending proceedings and would be too oppressive to require compliance on such short notice. Based on these findings, the Court finds the motion well taken and the subpoenas issued are hereby quashed.
 Furthermore, the Court finds that the subpoenas were not properly issued and are therefore not enforceable. Pursuant to the Civil Rules, service of subpoenas may only be performed by specified persons. The court records do not reflect any authorization of service of subpoenas in this case by the person listed as M. Chui.
 Therefore, the Plaintiff's motion to quash the subpoenas is hereby GRANTED.
From this record, it does not appear that Payne was forbidden from calling Ping or Reynolds but only from compelling them to produce certain records. Absent any argument as to how the magistrate's ruling constituted error, and given the limited focus of the hearing — i.e., was there newly discovered, outcome changing evidence? — we find no error, much less plain error in the magistrate's action.
The record does not demonstrate that Payne was forbidden to call Jim Guy, Granville Spears, or Mwesi Chui. The record does reflect the magistrate's refusal to allow Payne to call Stephen Klein, Ping's trial counsel, but Payne doesn't say, and the record doesn't demonstrate, how this was error.
Payne does not take specific issue with the magistrate's October 15, 1998 discussion of the evidence proferred October 5, and we find no error in her determination that Payne had not met his burden to demonstrate newly discovered evidence within the contemplation of Civ.R. 60(B)(2).
The first assignment is overruled.
The judgment appealed from will be affirmed.
GRADY, P.J., and FAIN, J., concur.